UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO FINANCIAL NEVADA 2, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC, et al., <br><br> Defendant(s). | Case No. 2:17-CV-125 JCM (CWH) <br><br> ORDER |

Presently before the court is plaintiff/counterdefendant Wells Fargo Financial Nevada 2, Inc.'s ("Wells Fargo") motion for summary judgment. (ECF No. 39). Defendant/counterclaimant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 41), to which Wells Fargo replied (ECF No. 42).

Also before the court is SFR's motion for summary judgment. (ECF No. 38). Wells Fargo filed a response (ECF No. 40), to which SFR replied (ECF No. 43).

**I.     Facts**

This action arises from a dispute over real property located at 5916 Oakton Street, Las Vegas, Nevada (the "Property"). (ECF No. 1).

Jack E. Smith and Betty A. Smith (collectively, "borrowers") purchased the property on February 24, 2000. (ECF No. 39-1). In 2007, borrowers took out a loan on the property in the amount of $282,644.47 from Wells Fargo. (ECF No. 39-3). Wells Fargo secured the loan with a deed of trust, which names itself as the lender and trustee. *Id.* On February 20, 2007, Wells Fargo recorded the deed of trust with the Clark County recorder's office. *Id.*

On June 3, 2011, Eagle Creek HOA (the "HOA), through its agent Alessi & Koenig, LLC ("Alessi"), recorded a notice of delinquent assessment lien ("the lien") against the property for the borrowers' failure to pay the HOA its outstanding assessments in the amount of $880.37. (ECF No. 39-4). On August 18, 2011, the HOA recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $2,055.59 as of August 2, 2011. (ECF No. 39-5). On August 27, 2011, the HOA mailed the notice of default to Wells Fargo. (ECF No. 38-1 at 41).

On February 28, 2012, the HOA recorded its first notice of foreclosure sale ("first notice of sale") against the property. (ECF No. 38-1 at 44). The HOA mailed the first notice of sale to all interested parties, including Wells Fargo. *Id.* at 46. On July 2, 2013, the HOA recorded its second notice of foreclosure sale ("second notice of sale") against the property. (ECF No. 39-6). The HOA mailed the second notice of sale to all interested parties, including Wells Fargo. (ECF No. 38-1 at 53–55). On January 15, 2014, the HOA sold the property in a nonjudicial foreclosure sale to SFR for $20,000.00. (ECF No. 38-2 at 8). On January 22, 2014, the HOA recorded a trustee's deed upon sale with the Clark County recorder's office. *Id.*

On January 13, 2017, Wells Fargo initiated this action. (ECF No. 1). In its complaint, Wells Fargo alleged five causes of action: (1) declaratory relief under the Takings Clauses of Fifth Amendment; (2) declaratory relief under the Due Process Clauses of the Fifth and Fourteenth Amendments; (3) wrongful foreclosure; (4) violation of NRS 116.1113 *et seq.*; and (5) quiet title. *Id.* On February 2, 2018, the court dismissed plaintiff's first four causes of action, leaving only plaintiff's fifth claim for quiet title remaining. (ECF No. 32).

Now, Wells Fargo and SFR have filed cross-motions for summary judgment, requesting that the court resolve whether the foreclosure sale extinguished Wells Fargo's deed of trust on the property. (ECF Nos. 38, 39).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is

"to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

James C. Mahan
U.S. District Judge

1  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   Discussion

Wells Fargo and SFR dispute whether Wells Fargo's deed of trust continues to encumber the property. (ECF Nos. 38, 39). Because Wells Fargo has failed to provide sufficient grounds to set aside the foreclosure sale, the court will deny Wells Fargo's motion for summary judgment (ECF No. 39) and grant SFR's motion for summary judgment (ECF No. 38).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, a party must show that its claim to the property is superior to all others in order to succeed on a quiet title action. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

NRS 116.3116 *et seq.*[1] ("Chapter 116") allows an HOA to place a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Under NRS 116.3116(2), HOA liens have priority over other encumbrances. Nev. Rev. Stat. § 116.3116(2). However, some encumbrances are not subject to an HOA lien's priority, including "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

Chapter 116 then provides an exception to the subparagraph (2)(b) exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investments Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Under Chapter 116, an HOA can enforce its superpriority lien with a nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

NRS 116.31166(1) provides that when an HOA forecloses on a property pursuant to NRS 116.31164, the following recitals in the deed are conclusive proof of the matters recited:

(a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
(b) The elapsing of the 90 days; and
(c) The giving of notice of sale[.]

---

[1] The 2015 Legislature revised Chapter 116 substantially. 2015 Nev. Stat., ch. 266. Except where otherwise indicated, the references in this order to statutes codified in NRS Chapter 116 are to the version of the statutes in effect in 2011–13, when the events giving rise to this litigation occurred.

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[2] "The 'conclusive' recitals concern . . . all statutory prerequisites to a valid HOA lien foreclosure sale." *See Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016) ("*Shadow Wood*"). Nevertheless, courts retain the equitable authority to consider quiet title actions even when an HOA's foreclosure deed contains statutorily conclusive recitals. *See id.* at 1112.

Here, the parties have provided the recorded notice of delinquent assessment, the recorded notice of default and election to sell, the recorded notices of foreclosure sale, and the recorded trustee's deed upon sale. *See* (ECF Nos. 39-4, 39-5, 38-1, 39-6, 38-2). Further, the recorded foreclosure deed contains the necessary recitals to establish compliance with NRS 116.31162 through NRS 116.31164. (ECF No. 38-2); *see id*. at 1112. Therefore, pursuant to NRS 116.31166 and the recorded foreclosure deed, the foreclosure sale was valid to the extent that it complied with NRS 116.31162 through NRS 116.31164.

While NRS 116.3116 accords certain deed recitals conclusive effect, it does not conclusively entitle the buyer at the HOA foreclosure sale to success on a quiet title claim. *See Shadow Wood*, 366 P.3d at 1112 (rejecting that NRS 116.31166 defeats, as a matter of law, actions to quiet title). Thus, the question remains whether plaintiff has demonstrated sufficient grounds to justify setting aside the foreclosure sale. *See id.*

"When sitting in equity . . . courts must consider the entirety of the circumstances that bear upon the equities. This includes considering the status and actions of all parties involved, including whether an innocent party may be harmed by granting the desired relief." *Id.*

---

[2] The statute further provides as follows:

> 2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.
>
> 3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

Wells Fargo contends that the foreclosure sale did not extinguish its deed of trust for three reasons: (1) Chapter 116 is unconstitutional under the Due Process Clause; (2) Chapter 116 is unconstitutional under the Takings Clause; and (3) the HOA did not provide Wells Fargo with adequate notice. (ECF No. 39).

   *i. Constitutionality of Chapter 116 (Due Process Clause)*

Wells Fargo argues that the court should grant summary judgment because, under *Bourne Valley*, the HOA foreclosed pursuant to a facially unconstitutional state statute. (ECF No. 39); *see Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"). However, Wells Fargo's reliance on *Bourne Valley* is misplaced.

In *Bourne Valley*, the Ninth Circuit held that Chapter 116 violated the Due Process Clause of the Fourteenth Amendment because it did not require a party foreclosing on a property to provide notice to a holder of any subordinate security interest. *Bourne Valley*, 832 F.3d at 1159. This conclusion was based on the interpretation that NRS 116.31168(1) did not incorporate NRS 107.090, which requires notice of default to any person with a subordinate security interest. *Id*.

When the Ninth Circuit ruled in *Bourne Valley*, there was no authority on the interpretation of NRS 116.31168(1). Left with the general doctrines of statute interpretation, the court declined to incorporate NRS 107.090 on the grounds that it would render NRS 116.31168(1) superfluous. *Id*. (citing *S. Nev. Homebuilders Ass'n v. Clark Cnty.*, 117 P.3d 171, 173 (2005)).

Since the Ninth Circuit's decision in *Bourne Valley*, the Nevada Supreme Court has provided its interpretation of Chapter 116, holding that NRS 116.31168(1) does incorporate NRS 107.090. *SFR Invs. Pool 1, LLC. v. The Bank of N.Y. Mellon*, 422 P.3d 1248, 1252 (Nev. 2018) (expressly refuting *Bourne Valley*). Under this ruling, NRS 116.31168(1) requires notice to subordinate interest holders and, thus, does not violate the Fourteenth Amendment. *Id*.

Both the Ninth Circuit and the Supreme Court have recognized, "a [s]tate's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (citing *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975)); *see also Knapp v. Cardwell*, 667 F.2d, 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret, and, where they see fit, to reinterpret the states' legislation.").

Accordingly, this court will follow the Nevada Supreme Court's decision and hold that the HOA foreclosed on the property pursuant to a constitutional statute. As a result, Wells Fargo is not entitled to relief based on this argument.

*ii. Constitutionality of Chapter 116 (Takings Clause)*

Wells Fargo contends that Chapter 116 violates Takings Clause of the Fifth Amendment. (ECF No. 39). The Takings Clause prohibits the state from taking private property for public use without just compensation. U.S. Const. amend. V; *see also Single moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003) (holding that the United States Constitution protects individuals only from government actions.). Wells Fargo's contention, however, has already been rejected. *See, e.g.*, *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 974 (Nev. 2017) ("[T]he extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not violate the Takings Clauses.").

Further, because this case involves a private lien-holder conducting a nonjudicial foreclosure, there is no government action. *See Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (a lender's non-judicial foreclosure pursuant to state law was not a government action); *see also Deutsche Bank national trust Company v. TBR I, LLC*, No. 3:15-CV-00401-LRH-WGC, 2016 WL 3965195 at *3 (D. Nev. July 22, 2016) (holding that a nonjudicial foreclosure pursuant to Chapter 116 does not constitute government action).

Accordingly, the court finds Wells Fargo is not entitled to relief based on this argument.

*iii. Due Process*

Wells Fargo argues that the HOA did not provide constitutionally sufficient notice of the foreclosure sale. (ECF No. 39). The court disagrees.

To state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). However, "[a] first deed of trust holder only has a constitutional grievance if he in fact did not receive reasonable notice of the sale at which his property rights [were] extinguished." *Wells*

*Fargo Bank, N.A. v. Sky Vista Homeowners Ass'n*, No. 3:15-cv-00390-RCJ-VPC, 2017 WL 1364583, at *4 (D. Nev. Apr. 13, 2017).

Wells Fargo confuses constitutionally mandated notice with the notices required to conduct a valid foreclosure sale. Due process does not require actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, it requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Bourne Valley*, 832 F.3d at 1158.

Here, the HOA provided reasonably calculated notice when it mailed the notice of default and notices of foreclosure sale to Wells Fargo. *See* (ECF No. 38-1 at 41, 46, 53–55). Such notice was sufficient to apprise Wells Fargo of the foreclosure sale and afford it an opportunity to present objections. Therefore, Wells Fargo's due process argument fails as a matter of law. *See, e.g.*, *Spears v. Spears*, 596 P.2d 210, 212 (Nev. 1979) ("The rule is well established that one who is not prejudiced by the operation of a statute cannot question its validity.").

The court thus finds that Wells Fargo is not entitled to relief based on this argument and will therefore deny Wells Fargo's motion for summary judgment.

**IV.  Conclusion**

In light of the foregoing, Wells Fargo has not provided sufficient grounds for the court to set aside the foreclosure sale or hold that Wells Fargo's deed of trust continues to encumber the property.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wells Fargo's motion for summary judgment (ECF No. 39) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 38), be and the same hereby is, GRANTED.

. . .

. . .

. . .

The clerk shall enter judgment accordingly and close the case.

DATED November 29, 2018.

_____
UNITED STATES DISTRICT JUDGE